STATE JERSEY CITY BREWERY COMPANY, PROSECUTOR,
v. JERSEY CITY.

Under the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1126,) and the supplement thereto, (*Pamph. L.* 1873, *p.* 406,) after remonstrances against all improvement presented to the board of public works, signed by the owners of property liable to more than one-half the assessment for such improvement, and no adjournment of the proceeding is had, and no new notice is given to the parties interested, the board cannot proceed with the improvement, although, after the day fixed for hearing, certain of the remonstrants withdraw their opposition and erase their names from the remonstrance.

On *certiorari.*

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For the prosecutor, *Scudder & Vredenburgh.*

For the defendant, *A. L. McDermott.*

The opinion of the court was delivered by

MAGIE, J.   This writ brings up the proceedings for constructing a sewer in Jersey City, including the award of a contract for the work.

By the provisions of Section 24 of a supplement to the charter of Jersey City, passed in 1873, (*Pamph. L., p.* 406,) it is enacted that if, at or before the time appointed for hearing parties in relation to any such improvement, a remonstrance against it be presented to the board of public works, signed by the owners of property liable to more than one-half the assessment therefor, the board shall proceed no further with such improvement.

In the case now before us, it is satisfactorily established that at the day fixed for the hearing in reference to the sewer in question, a remonstrance against the sewer was presented

to the board of public works, which was signed by the owners of property liable to more than one-half of the assessment for the same.

On the part of the city, it is first objected that the court ought not to take this matter into consideration, because the *certiorari* was not allowed until after the contract for the sewer was made.

It is urged that the allowance of such a writ after the contract is made, is expressly prohibited by Section 66 of the charter of Jersey City. *Pamph. L.* 1871, *p.* 1126. The case shows an admission that the writ was not allowed until after the contract was awarded. Assuming that this admission brings this case within the section last referred to, the objection cannot prevail. The effect of that section was considered in the case of *State, Green, pros.,* v. *Jersey City, ante p.* 119, and it was held that it did not debar this court from allowing a *certiorari* where the contract appeared to have been made after presentation of such a remonstrance, as by Section 24, above cited, would operate to prevent further proceedings.

The next contention on the part of the city is that, although such a remonstrance was presented, yet afterwards, some of those remonstrating changed their minds, withdrew their opposition, and erased their names from the paper. It is insisted that thus all difficulty was removed, and the board of public works were not thereafter prohibited from proceeding with the improvement. The evidence shows that the erasures were made several days after the day fixed for the hearing. No adjournment of the proceedings is claimed, or appears to have been made. No new notice was given to the parties interested.

Under such circumstances, I have no hesitation in concluding that the board had no power to proceed to make this contract. The section above referred to expressly forbids it, if, on the day fixed for hearing, a sufficient remonstrance is presented. On that day, such a remonstrance was duly presented. The board of public works was thereby totally deprived of power to proceed. No power could be subse-

quently acquired in that proceeding. A new proceeding might be initiated, and, after due notice, new power could be obtained. The parties interested were entitled to notice of. any action affecting their interests. It may be that others who desired to object refrained from doing. so, upon ascertaining that a sufficient remonstrance was already filed.

For these reasons, the action relating to the contract, and all proceedings since the presentation of the remonstrances, must be set aside, with costs.